IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIDLYN VENTURES T/A SWAYING PALMS, | § § § | |
| Plaintiff | § § | |
| vs. | § § | Civil Action No. _____ |
| TUDOR INSURANCE COMPANY, | § § | |
| Defendant | § § | |

## DEFENDANT'S APPENDIX IN SUPPORT OF REMOVAL

| DOCUMENTS | PAGES |
|---|---|
| State court materials | 001 – 036 |
| Tudor Policy Declarations pages | 037 – 038 |
| Tudor Insurance Company corporate information | 039 |

Respectfully submitted,

By:     s/*Robert G. Hogue*

Robert G. Hogue
State Bar No. 09811050

ROBERT G. HOGUE, P.C.
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205-4193
Phone:  (214) 559-7107
Fax:  (214) 559-7101
email:  robhogue@msn.com

COUNSEL FOR DEFENDANT
TUDOR INSURANCE COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 11th day of October, a true and correct copy of this document was served on counsel for the Plaintiff as follows:

James M. McClenny                                        <u>Via e-service</u>
J. Zachary Moseley
Heather Hall Melaas
McCLENNY MOSELEY & ASSOCIATES, PLLC
516 Heights Blvd
Houston, Texas 77007

COUNSEL FOR THE PLAINTIFF


By:    <u>s/*Robert G. Hogue*</u>
       Robert G. Hogue

CAUSE NO. ___19-0305_____

| | | |
|---|---|---|
| KIDLYN VENTURES T/A SWAYING PALMS, | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | ARANSAS COUNTY, TEXAS |
| | § § | |
| TUDOR INSURANCE COMPANY, | § § | |
| *Defendant.* | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF KIDLYN VENTURES T/A SWAYING PALMS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** KIDLYN VENTURES T/A SWAYING PALMS, (hereinafter referred to as "Plaintiff"), complaining of TUDOR INSURANCE COMPANY, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.00.

### PARTIES

2. Plaintiff is partnership doing business in Aransas County, Texas.

3. Tudor Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, Western World Insurance Group Claims Department, located at the following address: 300 Kimball Drive, Suite 500, Parsippany, New Jersey 07054.

Electronically Filed
9/12/2019 3:17 PM
District Clerk, Pam Heard
Aransas County, Texas
By: Suzy Ward

4. To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE and Plaintiff hereby demands that upon answering this suit, that it answer in its correct legal name and assumed name.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6. The Court has jurisdiction over Defendant Tudor Insurance Company because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Tudor Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc*., 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

7. Venue is proper in Aransas County, Texas, because the Property is situated in Aransas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiff purchased a policy from Defendant Tudor Insurance Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

9. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 97 Channelview Road, Rockport, TX 78382.

10. Defendant Tudor Insurance Company and/or its agent sold the Policy insuring the Property to Plaintiff.

11. On or about August 26, 2017, Plaintiff experienced a severe weather-related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Tudor Insurance Company. Plaintiff subsequently opened a claim and Defendant Tudor Insurance Company assigned an adjuster to adjust the claim.

12. Thereafter, Defendant Tudor Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge

which is 6 feet (1.8m) or more above a lower level ***SHALL*** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

16. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

17. Defendant's assigned adjuster acted as an authorized agent of Defendant Tudor Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Tudor Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

18. Defendant Tudor Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

19. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event – such as the one that damaged the Property.

20. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. At all times material to this cause, all acts by Defendant Tudor Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Tudor Insurance Company and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (*emphasis added*); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance

company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the damage to the Property was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

28. Defendant Tudor Insurance Company and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

    B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

    C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

---

Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

29. When this case is tried, the evidence will show that Defendant Tudor Insurance Company breached its duty to the Plaintiff, and that Defendant Tudor Insurance Company was negligent, as that term is defined and applied under the laws and statutes of the State of Texas; and that such breach of its duty and negligence was a proximate cause of the damages sustained by Plaintiff.

## BREACH OF CONTRACT

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Defendant Tudor Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Tudor Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Tudor Insurance Company had the absolute duty to investigate Plaintiff's damages and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

32. As a result of the storm-related event, Plaintiff suffered extreme weather-related damages. Despite objective evidence of weather-related damages provided by Plaintiff and its representatives, Defendant Tudor Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

33. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

34. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an business who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

35. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

    C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

    D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

---

008

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

36. As described in this Original Petition, Defendant Tudor Insurance Company represented to Plaintiff that its Policy and Tudor Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

37. As described in this Original Petition, Defendant Tudor Insurance Company represented to Plaintiff that its Policy and Tudor Insurance Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

38. By Defendant Tudor Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather-related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

39. Defendant Tudor Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

40. Defendant Tudor Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

009

41. Defendant Tudor Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

42. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Tudor Insurance Company, to its detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

43. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

44. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

45. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

---

010

46. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

011

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

M.  Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N.  Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O.  Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

47. By its acts, omissions, failures and conduct, Defendant Tudor Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Tudor Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

48. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately

recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Tudor Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

49. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Tudor Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

50. As a result of Defendant Tudor Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

51. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

52. From and after the time Plaintiff's claim was presented to Defendant Tudor Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would

have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim). Defendant's conduct proximately caused Plaintiff injuries and damages.

53. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

54. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code.

## DAMAGES

55. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing and/or proximate causes of the damages sustained by Plaintiff.

56. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

57. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing and/or intentional conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

014

58. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of five (5) percent plus the interest rate determined under Section 304.003, Finance Code, per year, together with attorney's fees. § 542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

60. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

61. Plaintiff seeks monetary relief in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

62. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the penalty interest damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

63. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

---

015

64. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

65. Plaintiff demands a jury trial, consisting of citizens residing in Aransas County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

66. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Tudor Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Tudor Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Tudor Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Tudor Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Tudor Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Tudor Insurance Company and its assigned adjuster, and all correspondence between Tudor Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1. Please identify any person Tudor Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

---

017

3. If Tudor Insurance Company or Tudor Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Tudor Insurance Company or any of Tudor Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Tudor Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

   a.    The date and manner in which Tudor Insurance Company received notice of the claim;
   b.    The date and manner in which Tudor Insurance Company acknowledged receipt of the claim;
   c.    The date and manner in which Tudor Insurance Company commenced investigation of the claim;
   d.    The date and manner in which Tudor Insurance Company requested from the claimant all items, statements, and forms that Tudor Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and
   e.    The date and manner in which Tudor Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Tudor Insurance Company anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Tudor Insurance Company's document retention policy.

10. Does Tudor Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11. Does Tudor Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Tudor Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe Tudor Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

67. Plaintiff prays that judgment be entered against Defendant Tudor Insurance Company and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant Tudor Insurance Company, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,


*/s/ Heather Hall Melaas*

**McCLENNY   MOSELEY   &   ASSOCIATES,
PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Heather Hall Melaas
State Bar No. 24089909
516 Heights Blvd
Houston, Texas 77007
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Heather@mma-pllc.com

**ATTORNEYS FOR PLAINTIFF**

# CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| --- |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** 19-0305                **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): _____

**FILE DATE OF MOTION:** _____

                                        Month/        Day/        Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: Tudor Insurance Company

    ADDRESS: 300 Kimball Drive, Suite 500, Parsippany, New Jersey 07054

    AGENT, (*if applicable*): Wester World Insurance Group Claims Department

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**                ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- ☐ **MAIL**                ☒ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:  ☐ **COURTHOUSE DOOR, or**
                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER**, *explain* _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2.  NAME: _____

    ADDRESS: _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**                ☐ **CONSTABLE**

- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____

- ☐ **MAIL**                ☐ **CERTIFIED MAIL**

- ☐ **PUBLICATION:**
    Type of Publication:  ☐ **COURTHOUSE DOOR, or**
                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER**, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: _____ TEXAS BAR NO./ID NO. _____

MAILING ADDRESS: 516 Heights Blvd. Houston, Texas 77007

PHONE NUMBER: _____ _____ FAX NUMBER: _____ _____
               area code      phone number                  area code      fax number

EMAIL ADDRESS: _____

**Electronically Filed**
**9/12/2019 3:17 PM**
**District Clerk, Pam Heard**
**Aransas County, Texas**
**By: Suzy Ward**

021

CIVC002 Revised 9/3/09

022



RETURN

**KIDLYN VENTURES T/A SWAYING PALMS**
**VS.**
**TUDOR INSURANCE COMPANY**

**343RD DISTRICT COURT**

**ARANSAS COUNTY, TEXAS**

**DOCKET NO. A-19-0305-CV-C**

# CITATION BY CERTIFIED MAIL

TUDOR INSURANCE COMPANY
AGENT: WESTER WORLD INSURANCE GROUP CLAIMS DEPARTMENT
300 KIMBALL DRIVE, SUITE 500
PARSIPPANY, NJ 07054

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do (does) not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to PLAINTIFF KIDLYN VENTURES T/A SWAYING PALMS' ORIGINAL PETITION at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 343rd District Court of Aransas County, Texas at the Court House of said County in Rockport, Texas.

Said Petition was filed in said court, by HEATHER HALL MELAAS whose address is: MCCLENNY MOSELEY & ASSOCIATES PLLC, 516 HEIGHTS BLVD., HOUSTON, TX 77007, on September 12, 2019, in the case, numbered A-19-0305-CV-C on the docket of said court, and styled,

KIDLYN VENTURES T/A SWAYING PALMS
VS.
TUDOR INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF KIDLYN VENTURES T/A SWAYING PALMS' ORIGINAL PETITION accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of the Law, and the mandates hereof, and make due return as the Law directs.

Issued and given under my hand and seal of said Court at 2840 Hwy 35N., Rockport, Texas 78382 on this the 12th day of September, 2019.

Attest: PAM HEARD, Clerk 343RD DISTRICT COURT,
Aransas County, Texas.

By _____Suzy Ward_____ Deputy

### CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on SEPTEMBER 13, 2019, I mailed to TUDOR INSURANCE COMPANY, 300 KIMBALL DRIVE, SUITE 500 PARSIPPANY, NJ 07054 by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a copy of this citation with a copy of the petition attached thereto.

_____Suzy Ward_____
Deputy District Clerk

Certified Mail Receipt # 7017 2620 0001 0641 5006

023

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* **19-0305**     **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** _Kidlyn Ventures T/A Swaying Plams v Tudor Insurance Company_

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Heather Hall Melaas | Email:<br>Heather@mma-pllc.com | Plaintiff(s)/Petitioner(s):<br>Kidlyn Ventures T/A<br>Swaying Palms | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br>516 Heights Blvd. | Telephone:<br>713-344-6121 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, TX 77007 | Fax:<br>713-322-5953 | Defendant(s)/Respondent(s):<br>Tudor Insurance Company | Custodial Parent: |
| | State Bar No: | | Non-Custodial Parent: |
| Signature: *Heather Hall Melaas* 24089909 | | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| | Civil | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>Liability: | ☐ Eminent Domain/<br>Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br>☐ Other Injury or Damage: | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>Pre-indictment<br>☐ Other: | **Other Family Law**<br>☐ Enforce Foreign<br>Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>of Minority<br>☐ Other: | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>Rights<br>☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

024

Electronically Filed<br>9/12/2019 3:17 PM<br>District Clerk, Pam Heard<br>Aransas County, Texas<br>By: Suzy Ward



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)         $ _____
☐ Certified Mail Restricted Delivery   $ _____
☐ Adult Signature Required            $ _____
☐ Adult Signature Restricted Delivery  $ _____

Postage
$
Total Postage and Fees
$

Tudor Insurance Company
Agent: Wester World Insurance Group Claims Department

Sent To

Street and Apt. No., or PO 300 Kimball Drive, Suite 500

City, State, ZIP+4® Parsippany, New Jersey 07054

SEP 1 3 2019
Postmark Here
USPS

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7017 2620 0001 0641 5006

025

CAUSE NO. A-19-0305-CV

| | | |
|---|---|---|
| KIDLYN VENTURES T/A SWAYING PALMS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 343RD JUDICIAL DISTRICT |
| | § | |
| TUDOR INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | ARANSAS COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now Defendant Tudor Insurance Company, and files this Original Answer as follows:

**I.**
**GENERAL DENIAL**

    Pursuant to TEX. R. CIV. P. 92, Defendant Tudor Insurance Company asserts a general denial and demands that the Plaintiff be required to prove its claims and allegations against the Defendant by the applicable standard of proof as to each of the Plaintiffs' claims against the Defendant.

        Respectfully submitted,


By:     s/*Robert G. Hogue*

        Robert G. Hogue
        State Bar No. 09811050

        ROBERT G. HOGUE, P.C.
        Highland Park Place
        4514 Cole Avenue, Suite 600
        Dallas, Texas 75205-4193
        Phone: (214) 559-7107
        Fax: (214) 559-7101
        E-mail: robhogue@msn.com

**DEFENDANT'S ORIGINAL ANSWER**

026

Electronically Filed
10/4/2019 4:19 PM
District Clerk, Pam Heard
Aransas County, Texas
By: Cynthia Huff

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tudor Insurance Company
Agent: Wester World Insurance Group Claims
Department
500 Kimball Drive, Suite 500
Parsippany, New Jersey 07054

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 4538 8278 2237 98

2. Article Number *(Transfer from service label)*

7017 2620 0001 0640 5006

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Barbara Torre*
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
*Barbara Torre*

C. Date of Delivery
9/17/19

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

027



**USPS TRACKING #**

9590 9402 4538 8278 2237 98

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

● Sender: Please print your name, address, and ZIP+4® in this box●

FILED
23 day of _Sept_ 20 _19_
at _1:0G_ o'clock _P_ M

Pam Heard, District Clerk
Dist Court, Aransas County, Texas

By _____ Deputy

PAM HEARD
District Clerk
Aransas County
2840 Highway 35 N
Rockport, TX 78382

028

# Case Summary
## Case No. 19-0305

| KIDLYN VENTURES T/A SWAYING PALMS | § | Location: | **343rd District Court** |
|---|---|---|---|
| vs. | § | Judicial Officer: | **Whatley, Janna** |
| **TUDOR INSURANCE COMPOANY** | § | Filed on: | **09/12/2019** |
| | § | Official Cause Number: | **A-19-0305-CV-C** |
| | § | | |

### Case Information

Case Type: **Contract - Other**

Case Flags: **Jury Demand**

| Date | Case Assignment |
|---|---|

**Current Case Assignment**
Case Number            19-0305
Court                  343rd District Court
Date Assigned          09/12/2019
Judicial Officer       Whatley, Janna

### Party Information

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Kidlyn Ventures T/A Swaying Palms** | **MELAAS, HEATHER HALL** *Retained* 713-334-6121(W) |
| **Defendant** | **Tudor Insurance Company** | **HOGUE, ROBERT G.** *Retained* 214-559-7107(W) |

| Date | Events & Orders of the Court | Index |
|---|---|---|
| 09/12/2019 | Original Petition (OCA) *Plaintiff's Original Petition* | |
| 09/12/2019 | Request *Civil Process Request* | |
| 09/12/2019 | Information Sheet *Civil Case Information Sheet* | |
| 09/12/2019 | Jury Demand | |
| 09/12/2019 | Citation *ISSUED VIA CERTIFIED MAIL TO TUDOR INSURANCE COMPANY (7017 2620 0001 0641 5006 - MAILED 9/13/19)* | |
| 09/12/2019 | Receipt *ENV # 36763841* | |
| 09/16/2019 | Receipt *CMRRR 7017 2620 0001 0641 5006* | |
| 09/26/2019 | Green Card *7017 2620 0001 0641 5006* | |

# CASE SUMMARY
## CASE NO. 19-0305

343RD DISTRICT COURT

| 10/04/2019 | Answer |
|---|---|
| | *Defendant's Original Answer* |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff** Kidlyn Ventures T/A Swaying Palms
Total Charges                                                                   465.00
Total Payments and Credits                                                      465.00
**Balance Due as of  10/10/2019**                                               **0.00**

Print this page

# Envelope 36763841

## Case Information

| | |
|---|---|
| Location | Aransas County - District Clerk |
| Date Filed | 9/12/2019 3:17 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Heather Hall |
| Firm Name | McClenny, Moseley & Associates |
| Filed By | Lupe Torres |
| Filer Type | Not Applicable |
| Damages Sought | Over $200,000 but not more than $1,000,000 |

## Fees

| | |
|---|---|
| Convenience Fee | $13.53 |
| Total Court Case Fees | $272.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $193.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $481.78 |

## Payment

| | |
|---|---|
| Account Name | MMA Spark |
| Transaction Amount | $481.78 |
| Transaction Response | |
| Transaction ID | 54881996 |
| Order # | 036763841-0 |

---

## Petition

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition |
| Filing Description | Plaintiff's Original Petition |
| Reference Number | Kidlyn15128 |
| Comments | Please review Plaintiff's Original Petition, thank you. |

031

| Status | Submitted |
|---|---|
| **Fees** | |
| Court Fee | $193.00 |
| Service Fee | $0.00 |
| | |
| Optional Services | |
| Jury Fee | $40.00 |
| Issue Citation | $8.00 |
| Issue Citation - Certified Mail | $125.00 |
| Copies - Certified | $20.00 (20 x $1.00) |
| **Documents** | |
| *Lead Document* | PLTF-2019-09-12-POP.pdf [Original] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| John Zachary Moseley Zach@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Heather E. Hall Heather@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| James M McClenny James@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Lupe Torres Lupe@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| John Zachary Moseley Zach@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Heather E. Hall Heather@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| James M McClenny James@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Lupe Torres Lupe@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |

032

| | | | | | |
|---|---|---|---|---|---|
| Heather E. Hall Heather@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| James M McClenny James@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| John Zachary Moseley Zach@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Lupe Torres Lupe@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |

## Petition

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition |
| Filing Description | Civil Process Request |
| Reference Number | Kidlyn15128 |
| Comments | |
| Status | Submitted |
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |
| *Lead Document* | CPR-HH.pdf                     [Original] |

## eService Details

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| John Zachary Moseley Zach@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Heather E. Hall Heather@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| James M McClenny | | EServe | Sent | Yes | Not Opened |

033

| | | | | | |
|---|---|---|---|---|---|
| James@mma-pllc.com | McClenny, Moseley & Associates | | | | |
| Lupe Torres Lupe@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| John Zachary Moseley Zach@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Heather E. Hall Heather@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| James M McClenny James@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Lupe Torres Lupe@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Heather E. Hall Heather@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| James M McClenny James@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| John Zachary Moseley Zach@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Lupe Torres Lupe@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |

---

**Petition**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition |
| Filing Description | Civil Case Information Sheet |
| Reference Number | Kidlyn15128 |
| Comments | |
| Status | Submitted |

034

**Fees**

Court Fee                                   $0.00
Service Fee                                 $0.00

**Documents**

*Lead Document*          InfoSheet - HH.pdf                    [Original]

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| John Zachary Moseley Zach@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Heather E. Hall Heather@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| James M McClenny James@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Lupe Torres Lupe@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| John Zachary Moseley Zach@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Heather E. Hall Heather@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| James M McClenny James@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Lupe Torres Lupe@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| Heather E. Hall Heather@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| James M McClenny James@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |
| | | EServe | Sent | Yes | Not Opened |

035

| John Zachary Moseley Zach@mma-pllc.com | McClenny, Moseley & Associates | | | | |
|---|---|---|---|---|---|
| Lupe Torres Lupe@mma-pllc.com | McClenny, Moseley & Associates | EServe | Sent | Yes | Not Opened |

STOCK COMPANY

# COMMERCIAL LINES POLICY

## WESTERN WORLD
### VALIDUS GROUP

**POLICY NUMBER:** PGP0884871

**Prior Policy Number:** PGP0851586

☐ WESTERN WORLD INSURANCE COMPANY   ☒ TUDOR INSURANCE COMPANY   ☐ STRATFORD INSURANCE COMPANY

---

## COMMON POLICY DECLARATIONS

Agent/Broker # 16901-273

**Named Insured and Mailing Address:**

Kidlyn Ventures T/A Swaying Palms

233 Sanctuary Drive
Rockport, TX 78382

**Named Insured(s) for Personal Liability:**

Guaranty Fund Nonparticipation Notice: This insurance contract is with an insurer not licensed to transact insurance in this state and is issued and delivered as surplus lines coverage under the Texas insurance statutes. The Texas Department of Insurance does not audit the finances or review the solvency of the surplus lines insurer providing this coverage, and this insurer is not a member of the property and casualty insurance guaranty association created under Chapter 462, Insurance Code. Chapter 225, Insurance Code, requires payment of a 4.85% on gross premium.

**Producer:**

CBIZ INSURANCE SERVICES INC.
140 E. Main Street
Suite 201
Bozeman, MT 59715
**Policy Period:** (Mo./Day/Yr.)

From:   **06/10/2017**   To:   **06/10/2018**   12:01 AM, standard time at your mailing address shown above.

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

---

**THIS POLICY CONSISTS OF THE FOLLOWING COVERAGES FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.**

| | |
|---|---|
| Commercial Property Coverage Part | $ 3,416 |
| Commercial General Liability Coverage Part | $ 640 |
| | $ |
| | $ |
| | $ |
| | $ |
| Other Coverages:   Terrorism Risk Insurance Act | $ NOT COVERED |
| | $ |
| | $ |
| | $ |
| | $ |
| TOTAL ADVANCE PREMIUM | $ 4,056.00 |
| Policy Fee | $ 100.00 |
| Broker Fee | $ 0.00 |
| Surplus Lines Tax | $ 201.57 |
| Stamping Fee | $ 6.23 |
| | $ |
| | $ |
| GRAND TOTAL | $ 4,363.80 |

**Forms and endorsements applying to this policy and attached at time of issue:**

**See Applicable Schedule Of Forms And Endorsements**

---

037

## COMMON POLICY DECLARATIONS (continued)

**POLICY NUMBER:**    **PGP0884871**

**The Named Insured is:**

☐ Individual    ☒ Partnership    ☐ Limited Liability Company    ☐ Organization/Corporation    ☐ Trust

☐ Other _____

Location of Business:                 Business Description:

Loc. #1 -  97 Channelview Road Rockport, TX 78382

Business Description: Vacation Rental Policy

THESE DECLARATIONS TOGETHER WITH THE COVERAGE PART DECLARATIONS, THE COMMON POLICY CONDITIONS, COVERAGE FORM(S), AND FORMS AND ENDORSEMENTS, IF ANY, COMPLETE THE ABOVE NUMBERED POLICY.

# WESTERN WORLD INSURANCE GROUP

## Western World Insurance Company
## Tudor Insurance Company
## Stratford Insurance Company

Administrative Office
300 Kimball Drive, Suite 500
Parsippany, New Jersey 07054

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.  If required by state law, this policy shall not be valid unless countersigned by **our** authorized representative.

Secretary                                         President

Countersigned: 05/31/2017

By: _____

Authorized Representative

038

ABOUT    HELP    myNAIC

**NAIC** National Association *of* Insurance Commissioners

Search...

Map    Committees    Members    Products    Education    Consumers    Industry

## RESULTS BY LICENSING

Shown below are the states where this company is licenced to sell the following types of insurance.

- **Results by Complaint Code**
- **Results by Complaint Index**
- **Results by State**
- **Results by Licensing**
- **Results by Financial**

- **Back to Search**

### Tudor Ins Co

NAIC Company Code

37982

The following information is supplied by Tudor Ins Co per their most recent annual filing

Tudor Ins Co
300 KIMABLL DRIVE, SUITE 500
PARSIPANNY, NJ  07054

WWW.WESTERNWORLD.COM
201-847-8600



| | Aircraft | Auto | Commercial Auto | Earthquake | Flood | Homeowners |
|---|---|---|---|---|---|---|
| New Hampshire | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

Licensed
Not Licensed

039